**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LANDON BLAIR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. _____** |
| | § | |
| **JAMES JACKSON, M.D.; ONYX INTERESTS,** | § | |
| **LLC d/b/a EMERGICARE; PATRICK** | § | |
| **ACOSTA; CLEAR LAKE MRI CENTER;** | § | |
| **CHCA CLEAR LAKE, LP d/b/a CLEAR LAKE** | § | |
| **REGIONAL MEDICAL CENTER, VIRTUAL** | § | |
| **RADIOLOGIC CORPORATION; VIRTUAL** | § | |
| **RADIOLOGIC PROFESSIONALS OF TEXAS,** | § | |
| **P.A.; and WILLIAM Y. SPRINGER, M.D.,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff Landon Blair files this Original Complaint complaining of Defendants James Jackson, M.D., Onyx Interests, LLC d/b/a Emergicare, Patrick Acosta, Clear Lake MRI Center, CHCA Clear Lake, LP d/b/a Clear Lake Regional Medical Center, Virtual Radiologic Corporation, Virtual Radiologic Professionals of Texas, P.A. and William Y. Springer, M.D. ("Defendants") and for causes of actions respectfully shows as follows:

## PARTIES

1. Plaintiff is a citizen of the United States and is currently domiciled in and is a citizen of the State of California.

2. Defendant James Jackson, M.D. is an individual residing in Harris County, Texas who may be served with process at 2409 Falcon Pass, Suite 100, Houston, Texas 77062.

3.      Defendant Onyx Interests, LLC d/b/a Emergicare is a Texas limited liability company which can be served with process by serving its designated agent for service of process:  C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

4.      Defendant Patrick Acosta is an individual residing in Harris County, Texas who may be served with process at 14243 Oak Chase Drive, Houston, Texas 77062.

5.      Defendant Clear Lake MRI Center is an entity operating and doing business in Houston, Harris County, Texas.

6.      Defendant CHCA Clear Lake, LP d/b/a Clear Lake Regional Medical Center is a Delaware limited partnership which can be served with process by serving its designated agent for service of process:  C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

7.      Defendant Virtual Radiologic Corporation is a Delaware corporation which can be served with process by serving its designated agent for service of process:  National Corporate Research, Ltd., 1601 Elm St., Suite 4360, Dallas, Texas 75201.

8.      Defendant Virtual Radiologic Professionals of Texas, P.A. is a Delaware professional association which can be served with process by serving its designated agent for service of process:  Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

9.      Defendant William Y. Springer, M.D. is an individual residing in Florida who may be served with process at 5358 Shirley Dr., Jupiter, Florida 33458.

## JURISDICTION AND VENUE

10.     Since complete diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest

and costs, this court has diversity jurisdiction under 28 U.S.C. 1332.  Venue is proper in this district as all or a substantial portion of the causes of action occurred in the district.

## PRE-SUIT NOTICE OF CLAIM

11.     In accordance with Section 74.051 of the TEX. CIV. PRAC. & REM. CODE, Plaintiff duly and properly notified the Defendants of this healthcare liability claim by sending notice to them at least 60 days prior to the filing of this Petition.  Pleading in the alternative, the actual filing of this suit shall satisfy any notice requirement.  All other conditions precedent to the filing of this suit have occurred or been performed.

## BACKGROUND FACTS

12.     At all times relevant, a physician-patient relationship existed between Plaintiff and Defendants.

13.     James Jackson, M.D., ("Jackson") is a physician licensed to practice medicine by the State of Texas and holds himself out to be an internal medicine doctor.

14.     Onyx Interests, LLC d/b/a Emergicare ("Emergicare") is an urgent care/walk-in clinic of which Dr. Jackson is a member.

15.     Patrick Acosta ("Acosta") is a radiology technician that provided services to Plaintiff at Emergicare.

16.     Clear Lake MRI Center ("Clear Lake MRI") is a medical imaging facility.  At all times relevant, Defendant Clear Lake MRI was one or more of Defendant Acosta's employers at the time of the incident made the basis of this lawsuit.

17.     CHCA Clear Lake, LP d/b/a Clear Lake Regional Medical Center ("CHCA") holds itself out to the public as a hospital facility.  At all times relevant, Defendant CHCA was

one or more of Defendant Acosta's employers at the time of the incident made the basis of this lawsuit.

18.     Defendant William Y. Springer, M.D. ("Springer") is a physician licensed to practice tele-medicine by the State of Texas and holds himself out to be a radiologist.

19.     Defendants Virtual Radiologic Corporation ("VRAD") and Virtual Radiologic Professional of Texas, P.A. ("VRAD PA") were, at all times relevant, the employers of Defendant William Y. Springer, M.D.

20.     Plaintiff sought treatment from Defendants Jackson and Emergicare for a knot/lump and pain in his left testicle.  Defendants Jackson ordered an ultrasound of Plaintiff's left testicle.

21.     Defendant Acosta was the radiology technician that performed the ultrasound at Emergicare.  Upon information and belief, Defendant Acosta was employed by Clear Lake MRI and/or CHCA at the time the ultrasound was performed on Plaintiff.  The ultrasound images obtained by Defendant Acosta were unclear and otherwise defective.

22.      The ultrasound images were forwarded electronically to Defendant Springer who was employed by Defendants VRAD and/or VRAD PA.  Dr. Springer read the ultrasound and determined that there was no mass or torsion and that the testicles were normal.

23.     A subsequent review of the ultrasound images by another medical provider was interpreted as a visible mass on the study that was concerning for malignancy.  A repeated scrotal sonogram confirmed a testicular mass compatible with malignancy.

24.     Plaintiff was ultimately diagnosed with pure embryonal carcinoma and underwent a left orchiectomy, a modified retroperitoneum lymph node dissection, and chemotherapy.

25.     As a result of Defendants' failure to diagnose the testicular cancer, Plaintiff has suffered permanent injuries and damages that will continue for the remainder of his life.

## RESPONDEAT SUPERIOR

26.     Plaintiff re-alleges and incorporates paragraphs 1 through 25 herein.

27.     Defendants are responsible and liable for the negligent acts or omissions of its respective employees, agents, ostensible agents and/or members, under the doctrine of *respondeat superior*, as each such act or omission occurred in the course and scope of the actor's employment, agency, ostensible agency and/or membership.  Additionally, they are responsible and liable for their own acts of negligence, as detailed below.

## CAUSES OF ACTION

**A.     Negligence of Defendant Jackson.**

28.     Plaintiff re-alleges and incorporates paragraphs 1 through 27 herein.

29.     Defendant Jackson delivered, purported to deliver or was obligated to deliver to Plaintiff, non-negligent medical assessment, diagnosis, treatment and/or medical care.  This Defendant holds himself out as being a specialist in the field of internal medicine.  Defendant Jackson owed a duty to Plaintiff to properly and competently monitor, assess, diagnose and treat him with respect to his medical conditions, and to keep him fully and properly informed of all pertinent information concerning the same.

30.     During the relevant time period, Defendant Jackson committed one or more of the following acts or omissions, which amounted to acts and/or omissions which a reasonably prudent physician would not have committed in the same or similar circumstances, proximately causing the occurrences, injuries and damages complained of herein:

a.      Failing to properly and thoroughly examine Plaintiff;

b.      Failing to properly and thoroughly assess and diagnose Plaintiff's medical conditions;

c.      Failing to properly document Plaintiff's physical condition;

d.      Failing to provide Plaintiff with adequate and/or timely treatment for his medical conditions; and

e.      Failing to order treatment or care for Plaintiff which was necessary and required under the circumstances presented and failing to do so on a timely basis.

**B.     Negligence of Defendant Acosta.**

31.     Plaintiff re-alleges and incorporates paragraphs 1 through 30 herein.

32.     Defendant Acosta delivered, purported to deliver or was obligated to deliver to Plaintiff, non-negligent medical assessment, diagnosis, treatment and/or medical care. Defendant Acosta owed a duty to Plaintiff to properly and competently monitor, assess, diagnose and treat him with respect to his medical conditions, and to keep him fully and properly informed of all pertinent information concerning the same.

33.     During the relevant time period, Defendant Acosta committed one or more of the following acts or omissions, which amounted to acts and/or omissions which a reasonably prudent radiology technician would not have committed in the same or similar circumstances, proximately causing the occurrences, injuries and damages complained of herein:

a.      Failing to properly obtain diagnostic images;

b.      Failing to properly operate the diagnostic equipment;

c.      Failing to properly perform diagnostic imaging examinations;

d.      Failing to properly maintain diagnostic equipment; and

e.      Using faulty diagnostic equipment.

C.      **Negligence and Gross Negligence of Defendant Springer.**

34.     Plaintiff re-alleges and incorporates paragraphs 1 through 33 herein.

35.     Defendant Springer delivered, purported to deliver or was obligated to deliver to Plaintiff, non-negligent medical assessment, diagnosis, treatment and/or medical care.  This Defendant holds himself out as being a specialist in the field of radiology.  Defendant Springer owed a duty to Plaintiff to properly and competently monitor, assess, diagnose and treat him with respect to his medical conditions, and to keep him fully and properly informed of all pertinent information concerning the same.

36.     During the relevant time period, Defendant Springer committed one or more of the following acts or omissions, which amounted to acts and/or omissions which a reasonably prudent radiologist would not have committed in the same or similar circumstances, proximately causing the occurrences, injuries and damages complained of herein:

      a.      Failing to properly and thoroughly assess and diagnose Plaintiff's medical conditions;

      b.      Failing to provide Plaintiff with adequate and/or timely treatment for his medical conditions;

      c.      Failing to order treatment or care for Plaintiff which was necessary and required under the circumstances presented and failing to do so on a timely basis; and

      d.      Failing to request additional diagnostic imaging when the imaging obtained from the facility was of a poor or substandard quality.

37.     The aforesaid negligent acts and omissions, when viewed objectively, involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and, though Defendant Springer was subjectively aware of such risk, he proceeded with conscious disregard for the rights, safety and/or welfare of Plaintiff.  For these reasons, Plaintiff

contends that Defendant Springer's alleged acts of negligence rise to the level of gross negligence as defined by TEX. CIV. PRAC. & REM. CODE 41.001(7)(B).

**D.      Negligence of Defendants Emergicare, VRAD, VRAD PA, CHCA and Clear Lake MRI.**

38.     Plaintiff re-alleges and incorporates paragraphs 1 through 37 herein.

39.     Defendants Emergicare, VRAD, VRAD PA, CHCA and Clear Lake MRI owed a duty to Plaintiff to ensure that its respective employees, agents, ostensible agents and members, among other things, monitored, assessed, diagnosed, and treated or provided for the assessment, diagnosis and/or treatment of Plaintiff's medical conditions, in accordance with the applicable standards of care.  These Defendants breached these duties as is more fully described below.

40.     In addition to its respondeat superior liability, at all relevant times, Defendants Emergicare, VRAD, VRAD PA, CHCA and Clear Lake MRI committed one or more of the following acts or omissions, either directly or through its employees, agents, ostensible agents and representatives, each of which amounted to an act and/or omission which a reasonably prudent physicians practice group would not have committed in the same or similar circumstances, proximately causing and/or contributing to the occurrences, injuries and damages complained of herein:

a.      Failing to properly document Plaintiff's physical condition;

b.      Authorizing the doing and the manner of the acts and omissions in question;

c.      Recklessly employing personnel who were unfit, incompetent, and/or unqualified to perform the duties and tasks assigned to them; and/or

d.      Through their officers, managers, supervisors, directors, administrators, head or charge nurses, ratifying or approving the negligent acts and/or omissions in question.

## DAMAGES

41.     As a direct and proximate cause or result of the negligence and gross negligence described herein, Plaintiff has incurred the following damages:

    a.     Past and future medical expenses.

    b.     Past and future physical pain and suffering.

    c.     Past and future mental anguish.

    d.     Past and future physical disfigurement and physical impairment.

    e.     Pecuniary damages, including loss of earnings and earning capacity.

    f.     All other damages permitted by law, including exemplary or punitive damages.

## PRE-JUDGMENT INTEREST

42.     Plaintiff seeks to recover pre-judgment interest as provided by law.

## JURY DEMAND

43.     Plaintiff hereby demands a trial by jury.

## PRAYER

**WHEREFORE PREMISES CONSIDERED** Plaintiff prays that upon final trial, Plaintiff have and recover of and from Defendants, judgment for actual damages as alleged, with pre-judgment and post-judgment interest, and for costs of suit and such other and further relief to which Plaintiff is justly entitled to receive.

Respectfully submitted,

*/s/ Robert L. Chaiken*
Robert L. Chaiken
State Bar No. 04057830
rchaiken@chaikenlaw.com
Attorney-in-Charge
Carrie P. Kitner
State Bar No. 24074921
ckitner@chaikenlaw.com

**CHAIKEN & CHAIKEN, P.C.**
Legacy Town Center III
5801 Tennyson Pkwy., Suite 440
Plano, Texas 75024
(214) 265-0250 telephone
(214) 265-1537 facsimile

**ATTORNEYS FOR PLAINTIFF**